BONIN, J.,
concurs with reasons.
lil respectfully concur, but write separately to address Mr. Hawthorne’s second assignment of error, respecting two evi-dentiary rulings of the trial judge which prevented the defense from meaningfully challenging the victim’s testimony on a singularly critical issue.
*590 The car-jacking victim forthrightly testified that his identification of Mr. Hawthorne was based upon his identification of a distinctive black tee-shirt. The victim testified that one of the car-jackers was wearing just such a black tee-shirt as the one being worn by Mr. Hawthorne at the time the victim identified him at the scene of the car’s recovery. The defense sought to establish through the testimony of the first investigating officer that the victim had described both car-jackers as wearing white tee-shirts, but the prosecutor urged clearly baseless prosecutorial objections and the trial judge erroneously sustained them.
Mr. Hawthorne’s counsel, however, failed to make an offer of proof of what the investigating officer’s testimony would have been. All we know is what defense counsel hoped the testimony would be.
Thus, we have no doubt that Mr. Hawthorne’s Sixth Amendment rights to confront the witnesses against him and to present a defense have been violated. But, because of the failure of defense counsel to make an offer of proof, we cannot ^ascertain whether the violations prevented a fair trial or were merely harmless errors. Consequently, the resolution of that issue must await a post-conviction claim for ineffective assistance of counsel.
A
Defense counsel’s first inquiry directed to the investigating officer follows:
DEFENSE COUNSEL:
Well, the description that you [Officer Ambrose] radioed out would have been two black males—
PROSECUTOR:
Objection.
DEFENSE COUNSEL:
White t-shirts—
PROSECUTOR:
Objection.
DEFENSE COUNSEL:
On?
PROSECUTOR:
Objection judge.
DEFENSE COUNSEL:
I haven’t ask a question, Judge.
THE COURT:
What’s the nature of your objection?
PROSECUTOR:
Because it will be based on hearsay. It would be based on what he was told.
THE COURT:
Sustained.
DEFENSE COUNSEL:
Or statement by a party, Judge.
THE COURT:
What? Statement by a party?
DEFENSE COUNSEL:
Correct, Judge. It’s a statement made by the alleged victim.
PROSECUTOR:
That’s what the victim is here for, Judge.
| oTHE COURT:
Objection sustained. It’s hearsay.
DEFENSE COUNSEL:
No further, questions.
“ ‘Hearsay’ is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” La. C.Evid. Art. 801 C. And we have previously held that eliciting from a police officer what he did — even if based upon hearsay — is not seeking inadmissible hearsay, and is admissible based upon his personal knowledge. See State v. Cuccia, 05-0807, pp. 37-38 (La.App. 4 Cir. 3/15/06), 933 So.2d 134, 160.
*591 B
Defense counsel next properly confronted the victim before he sought to introduce evidence of a prior inconsistent statement by the victim. See La. C.Evid. Art. 613 (“Except as the interests of justice otherwise require, extrinsic evidence of ... pri- or inconsistent statements, ... is admissible after the proponent has first fairly directed the witness’ attention to the statement, act, or matter alleged, and the witness has been given the opportunity to admit the fact and has failed distinctly to do so.”) The pertinent preliminary question by defense counsel to the -victim follows:
DEFENSE COUNSEL:
Okay. So you didn’t tell the officers who met you at the gas station that it was two black males wearing white t-shirts?
VICTIM:
No. One had a black shirt, and one had a white shirt.
Defense counsel’s second inquiry to the investigating, now-called as a defense witness, follows:
| ¿DEFENSE COUNSEL:
[Officer Ambrose,] The description that was given to you by Mr. Agurcia—
PROSECUTOR:
Objection.
THE COURT:
The nature of the objection?
PROSECUTOR:
Hearsay.
THE COURT:
I have to sustain that. Do you need to approach the bench so I can give you a ruling on this because I’m—
DEFENSE COUNSEL:
Yes, Judge.
THE COURT:
My ruling is going 801 through 806 of the Louisiana Code of Evidence. It’s not going to change. So, we can short circuit this if I explain it to you right now.
(DISCUSSION AT SIDEBAR WITHOUT RECORD.)
THE COURT:
So, you’re finished with him.
DEFENSE COUNSEL:
Yes, Judge.
If the statement which defense counsel hoped to elicit from the officer was made by the victim (declarant) at an earlier time and was inconsistent with his trial testimony, then such statement would not be “hearsay”:
A statement is not hearsay if: (1) The declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is: (a) In a criminal case, inconsistent with his testimony, provided that the proponent has first fairly directed the witness’ attention to the statement and the witness has been given the opportunity to admit the fact and where there exists any additional evidence to corroborate the matter asserted by the prior inconsistent statement.
La. C.Evid. Art. 801 D(l)(a).
_bP
As the majority observed, the failure to make any offer of proof of the investigating officer’s testimony prevents our review of the matter on direct appeal. See La. C.Evid. Art. 103 A(2); La. C.Cr.P. Art. 921 (“A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.”) See also State v. Batiste, 96-1010 (La.App. 5 Cir. 1/27/98), 708 So.2d 764, 769 (“Here, in the absence of any showing of what Frank would have testi- *592 fíed, we cannot conclude that the trial court abused her discretion.”)
Moreover, defense counsel in this case did not attempt an offer of proof, or even a limited offer, either of which might have triggered a remand for additional evidence. See, e.g., State v. Shanks, 97-1885 (La.App. 1 Cir. 6/29/98), 715 So.2d 157, 164, and State v. Brooks, 98-1151 (La.App. 1 Cir. 4/15/99), 734 So.2d 1232, 1241.
Thus, the only path to relief open to Mr. Hawthorne is a post-conviction application on the ground of ineffective assistance of counsel. See La.C.CR.P. Arts. 924 et seq.; Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Therefore, I respectfully concur.
ORDER
IT IS ORDERED that the Application for Rehearing is DENIED.
IT IS FURTHER ORDERED that the trial court appoint an attorney for the defendant, Dominique Hawthorne, to represent him in the post-conviction relief proceedings.